ELLIS, Judge.
This is a suit by some of the heirs of Eliska Melancon Cannon to set aside a certain act of sale whereby Mrs. Cannon transferred to defendant, Chester A. Cannon, an undivided one-half interest in 43.75 acres of land situated in Ascension Parish. Alternatively, plaintiff asks that the sale be rescinded for lesion beyond moiety, and in the further alternative, that it be declared a donation in disguise and set aside to the extent of the forced portion of the plaintiffs in their mother’s estate. The defendant denied the essential allegations of the petition, and alleged that the sale was bona fide, and made for a valuable consideration. In addition, he filed pleas of prescription of one, four, five, and ten years. Apparently, all of the pleas of prescription were referred to the merits of the case. After trial, judgment was rendered recognizing the validity pf the sale from Mrs. Cannon to the defendant, and dismissing plaintiffs’ demands at their cost. From that judgment, the plaintiffs have appealed.
The primary grounds on which plaintiffs seek the nullity of the sale are that it was not signed by Mrs. Cannon, or that she did not understand what she was signing, or that she was forced or coerced to sign it.
Some of the plaintiffs, or their wives, testified that they had never seen Mrs. Cannon write her name, and were of the opinion that she was illiterate. This testimony is the basis of their claim that Mrs. Cannon did not sign the deed.
The defendant testified that Mrs. Cannon could write her name, and that she did sign the deed. The deed was in authentic form, before a notary public. Mrs. Vivian Cannon, wife of one of the plaintiffs, testified that she thought Mrs. Cannon could sign her name. An official of the Bank of Gonzales, where Mrs. Cannon had a checking account, testified that if Mrs. Cannon had signed her checks with a mark, or if somone else had signed for her, a notation to that effect would have been made on the ledger sheet of her account. No such notation appeared on the ledger sheet, which was introduced into evidence. He concluded from this that Mrs. Cannon signed the checks herself.
We think that the evidence preponderates to the effect that Mrs. Eliska Cannon could write her name, and that she executed the act of sale.
*66 There is no evidence in the record to substantiate the allegations of fraud, duress, or coercion. There is affirmative evidence in the record to establish that Mrs. Cannon knew and fully understood what she was doing when she transferred the property to defendant.
Plaintiffs also claim that the sale was a simulation, because the consideration was not paid or was furnished' by Mrs. Cannon. Their testimony on this point was to the effect that defendant never made enough money to be able to accumulate $400.00 as of the time of the sale. This was corroborated by defendant’s former wife, who was a witness to the deed.
Defendant testified that he had a checking account at the Louisiana National Bank in Baton Rouge which contained $500.00, and that he had maintained the account since 1932. He stated that he paid the consideration with a check on that account. On December 15, 1937, five days after the act of sale, Mrs. Cannon opened a checking account in the Bank of Gonzales with a $400,00 check drawn on a Baton Rouge bank. Although a subpoena for the records of the account was issued by the court during trial, no return thereon appears in the record.
Defendant’s ex-wife testified that she knew nothing of any bank account. Defendant testified that he never told her about it, or about two other accounts he had at the Bank of Gonzales during their marriage. The existence of the latter two accounts was verified by an official of the bank.
We find that the plaintiffs have again failed to carry the burden of proof necessary to show that the recited consideration was not paid.
We need not consider the plea of lesion beyond moiety, since defendant has properly pled the prescription of four years, provided by Articles 1876 and 2595 of the Civil Code,
 In view of our holding that the consideration was actually paid by defendant to his mother, we need not consider the claim for collation, on the theory that the transfer was a donation in disguise. In any event, this claim would be prescribed, since Mrs. Cannon died fifteen years before this suit was instituted, and such a claim prescribes in ten years. Succession of Webre, 247 La. 461, 172 So.2d 285 (1965).
The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.